USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ELSIE NNEBE,

                            Plaintiff,

              -against-                       22-CV-3860 (VEC)

CITY OF NEW YORK; NEW YORK CITY          OPINION AND ORDER
DEPARTMENT OF EDUCATION; REIDA
BARRY-GRANT, PRINCIPAL; LISETTE
OLIVO, ASSISTANT PRINCIPAL; JOHN
WARNER, FORMER UNION REP.;

                            Defendants.
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 11, 2022, Plaintiff Elsie Nnebe ("Nnebe"), a Black woman of Nigerian origin born in 1966, and a tenured special education teacher employed by the New York City Department of Education (the "DOE"), proceeding *pro se*, filed a Complaint against the DOE, the City of New York (the "City"), Reida Barry-Grant ("Barry-Grant"), Lisette Olivo ("Olivo") (collectively, the "City Defendants"), and John Werner ("Werner," with the City Defendants, "Defendants"), *see generally* Compl., Dkt. 1;[1]

WHEREAS Nnebe asserts discrimination, hostile work environment, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law, N.Y. Exec. L. §§ 290,

---

[1] Barry-Grant was the Principal and Olivo was the Assistant Principal at a school to which Nnebe was assigned, and Werner is a DOE teacher who formerly served as Nnebe's union representative. *See* Compl., Dkt. 1, ¶¶ 2–3, 15, 21.

1

*et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* (the "NYCHRL"), *see* Compl.;

WHEREAS Nnebe's claims arise from charges brought against her for using corporal punishment and for failure to supervise students, *see id.* ¶¶ 11–20;

WHEREAS on July 12, 2022, Werner moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), *see* Werner Not. of Mot., Dkt. 25;

WHEREAS on July 18, 2022, the Court referred this case to Magistrate Judge Cave for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Referral, Dkt. 27;

WHEREAS on August 17, 2022, the City Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* City Defs. Not. of Mot., Dkt. 31;[2]

WHEREAS Nnebe opposed Defendants' motions and, in the alternative, requested leave to amend, *see* Pl. Mem., Dkt. 37;

WHEREAS on January 30, 2023, Judge Cave entered a report and recommendation (the "R&R") recommending that Defendants' motions under Federal Rule of Civil Procedure 12(b)(6) be granted and that Nnebe be granted leave to amend her claims of (1) discrimination, retaliation, and hostile work environment pursuant to Title VII and the ADEA against the City and the DOE; (2) discrimination, retaliation, and hostile work environment claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), the NYSHRL, and the NYCHRL against the City Defendants; and (3) aiding and abetting pursuant to the NYSHRL and the NYCHRL against Werner, *see generally* R&R, Dkt. 39;

---

[2] The parties were referred to mediation on June 3, 2022, *see* Order, Dkt. 13, but informed the Court on September 14, 2022 that they were not pursuing mediation in light of Defendants' pending dispositive motions, *see* Joint Letter, Dkt. 35.  The parties are open to revisiting mediation.  *Id.*

WHEREAS in the R&R, Judge Cave notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R, *id.* at 48;

WHEREAS Judge Cave further notified the parties that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS on February 13, 2023, Nnebe objected to Judge Cave's R&R, *see* Pl. Objection, Dkt. 42;

WHEREAS Defendants did not object;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to an R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS Nnebe's objection merely states, without further justification, that "none of [her] claims" should have been dismissed, despite the Court's previous clarification that it would consider any substantive objections to Judge Cave's R&R when Nnebe filed a similarly

conclusory letter to the Court before the objection deadline had passed, *see* Pl. Letter, Dkt. 40; Order, Dkt. 41; Pl. Objection, Dkt. 42;[3]

WHEREAS because Nnebe's objection is perfunctory and not substantive, the Court may accept the R&R if there is no clear error on the face of the record;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the well-reasoned R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full and Defendants' motions to dismiss are GRANTED. Nnebe's Title VII and ADEA claims against Barry-Grant, Olivo, and Werner are DISMISSED with prejudice, and her remaining claims are DISMISSED without prejudice. Nnebe is therefore granted leave to amend her (1) Title VII and ADEA claims of discrimination, retaliation, and hostile work environment against the City and the DOE; (2) Section 1983[4], NYSHRL, and NYCHRL claims of discrimination, retaliation, and hostile work environment against the City Defendants; and (3) NYSHRL and NYCHRL aider-and-abettor claims against Werner. The additional information, if available, that Nnebe should add to any amended complaint includes:

1. Facts from which the Court could reasonably infer that the City Defendants were motivated by discriminatory animus when they reassigned Nnebe in 2019 and when they served Nnebe with Section 3020-a charges.

2. Facts from which the Court could reasonably infer that Nnebe's complaints were about an act she believed was unlawful under the anti-discrimination laws and from

---

[3] Nnebe also requested three weeks to file an amended complaint if the Court adopts the R&R. *See* Pl. Letter, Dkt. 40; Pl. Objection, Dkt. 42.

[4] The Court adopts Judge Cave's recommendation to construe Nnebe's claims under Section 1981 as claims under Section 1983. *See* R&R at 14–17.

which the Court could reasonably infer that the principal at PS 156 was aware of her administrative complaint.

3. Facts from which the Court could reasonably infer that Defendants engaged in continuous and concerted, as opposed to discrete, acts of hostility toward Nnebe because of any of her protected characteristics.

4. Facts from which the Court could reasonably infer that any constitutional violation suffered by Nnebe was the result of a municipal policy.

5. Facts from which the Court could reasonably infer that Werner contributed to acts of discrimination against Nnebe.

IT IS FURTHER ORDERED that Nnebe must file any amended complaint not later than **Friday, March 17, 2023**.

IT IS FURTHER ORDERED that the parties are encouraged to notify the Court promptly if they wish to be referred for mediation.

The Clerk of Court is respectfully directed to close the open motions at Dkts. 25 and 31.

Dated:   February 17, 2023
         New York, New York

                                                      _____
                                                      VALERIE CAPRONI
                                                      United States District Judge