Case 1:22-cv-03860-VEC-SLC   Document 67   Filed 12/14/23   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSIE NNEBE,<br><br>        Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, REIDA BARRY-GRANT, PRINCIPAL, LISETTE OLIVO, ASSISTANT PRINCIPAL, JOHN WERNER, FORMER UNION REP.,<br><br>        Defendants. | 22-CV-3860 (VEC)<br><br>ORDER ADOPTING<br>REPORT & RECOMMENDATION |

VALERIE CAPRONI, United States District Judge:

  WHEREAS on May 11, 2022, Plaintiff Elsie Nnebe ("Nnebe"), a Black woman and a tenured special education teacher employed by the New York City Department of Education (the "DOE"), proceeding *pro se*, filed a Complaint against the DOE, the City of New York (the "City"), Reida Barry-Grant ("Barry-Grant"), Lisette Olivo ("Olivo") (collectively, the "City Defendants"), and John Werner ("Werner"), *see generally* Compl., Dkt. 1;[1]

  WHEREAS Nnebe's initial Complaint asserted discrimination, hostile work environment, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* (the "NYCHRL"), *see* Compl.;

---

[1] Barry-Grant was the Principal and Olivo was the Assistant Principal of a school to which Nnebe was assigned, and Werner is a DOE teacher who formerly served as Nnebe's union representative. *See* Compl., Dkt. 1, ¶¶ 2–3, 15, 21.

1

WHEREAS Nnebe's claims arose from disciplinary charges that were brought against her for using corporal punishment and for failure to supervise students, *see id.* ¶¶ 11–20;

WHEREAS on July 12, 2022, Werner moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), *see* Werner Not. of Mot., Dkt. 25;

WHEREAS on July 18, 2022, the Court referred this case to Magistrate Judge Cave for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Referral, Dkt. 27;

WHEREAS on August 17, 2022, the City Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* City Defs. Not. of Mot., Dkt. 31;

WHEREAS Nnebe opposed Defendants' motions and, in the alternative, requested leave to amend, *see* Pl. Mem., Dkt. 37;

WHEREAS on January 30, 2023, Judge Cave entered a report and recommendation (the "First R&R") recommending that the motions to dismiss be granted and that Nnebe be granted leave to amend her claims of (1) discrimination, retaliation, and hostile work environment pursuant to Title VII and the ADEA against the City and the DOE; (2) discrimination, retaliation, and hostile work environment claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), the NYSHRL, and the NYCHRL against the City Defendants; and (3) aiding and abetting pursuant to the NYSHRL and the NYCHRL against Werner, *see generally* First R&R, Dkt. 39;

WHEREAS on February 13, 2023, Nnebe objected to Judge Cave's First R&R, *see* Pl. Objection, Dkt. 42, and the Defendants did not object;

WHEREAS on February 17, 2023, the Court adopted the First R&R; dismissed the Title VII and ADEA claims against Barry-Grant, Olivo, and Werner with prejudice; and dismissed the remaining claims without prejudice, *see* Opinion and Order, Dkt. 43 at 4;

WHEREAS the Court granted Nnebe leave to amend her (1) Title VII and ADEA claims of discrimination, retaliation, and hostile work environment against the City and the DOE; (2) Section 1983, NYSHRL, and NYCHRL claims of discrimination, retaliation, and hostile work environment against the City Defendants; and (3) NYSHRL and NYCHRL aider-and-abettor claims against Werner, *see id.*;

WHEREAS on March 17, 2023, Nnebe filed an Amended Complaint, *see* Amend. Compl., Dkt. 44;

WHEREAS the Amended Complaint reasserts claims under Title VII, the ADEA, Section 1983, the NYSHRL, and the NYCHRL for discrimination, retaliation, and hostile work environment against the City; Nnebe also asserts a claim against the City for municipal liability under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), and a claim against Werner for aiding and abetting under the NYSHRL and NYCHRL, *see id*.

WHEREAS on April 7, 2023, and April 27, 2023, respectively, the City Defendants and Werner moved to dismiss the Amended Complaint, *see* Nots. of Motion, Dkts. 48, 54;

WHEREAS Nnebe opposed Defendants' motions and, in the alternative, requested leave to amend her complaint again, *see* Pl. Mem., Dkt. 59;

WHEREAS on November 9, 2023, Judge Cave entered a report and recommendation (the "R&R") recommending that the City Defendants' Motion be granted in part and denied in part; that Werner's motion be granted; and that Nnebe's request to further amend the Amended Complaint be denied, *see* Dkt. 65;

WHEREAS, regarding the City Defendants' Motion, Judge Cave recommended that the Motion be denied as to (1) Nnebe's race- and age-based discrimination claims based on

3

the 3020-a Charges involving Nnebe's failure to supervise her students, and (2) her hostile work environment claims under the NYCHRL but recommended that the Motion be granted as to the remaining claims against the City Defendants, *see id.* at 53.

WHEREAS in the R&R, Judge Cave notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 55;

WHEREAS Judge Cave further notified the parties that failure to object would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, and the City Defendants' Motion is GRANTED IN PART and DENIED IN PART; Werner's Motion is GRANTED; and Nnebe's request to further amend her Amended Complaint is DENIED.

IT IS FURTHER ORDERED that the City Defendants' motion to dismiss is GRANTED and the following claims are DISMISSED WITH PREJUDICE: (1) all claims against the Defendant City of New York; (2) all NYSHRL and NYCHRL claims against the DOE; (3) Title VII and ADEA claims that accrued prior to August 9, 2019 and Section 1983, NYSHRL, and NYCHRL claims that accrued prior to May 11, 2019; (4) national-origin based discrimination claims against all Defendants; (5) all discrimination claims based on the 2019 Reassignment and the 3020-a Charges involving Nnebe's use of corporal punishment; (6) all retaliation claims; (vii) all hostile work environment claims except claims against Barry-Grant and Olivo under the NYCHRL; and (viii) 1983 claims against the DOE.

IT IS FURTHER ORDERED that the City Defendants' motion to dismiss is DENIED as to Plaintiff's: (1) federal race- and age-based discrimination claims against DOE, Barry-Grant, and Olivo based only on the 3020-a Charges involving Nnebe's failure to supervise her students, and (2) hostile work environment claims against Barry-Grant and Olivo under the NYCHRL.

IT IS FURTHER ORDERED that Werner's motion to dismiss is GRANTED and all claims against him are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's request for leave to again amend her complaint is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this order to Nnebe and note the mailing on the docket, to terminate the City of New York and John Werner as defendants in this action, and to close the open motions at Dkts. 48 and 54.

Dated:   December 14, 2023
         New York, New York

_____
VALERIE CAPRONI
United States District Judge

5