UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELSIE NNEBE,

                Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF EDUCATION,
REIDA BARRY-GRANT, and LISETTE OLIVO,

                Defendants.

CIVIL ACTION NO. 22 Civ. 3860 (VEC) (SLC)

**ORDER FOR LIMITED APPEARANCE OF PRO BONO COUNSEL**

**SARAH L. CAVE**, United States Magistrate Judge.

At a telephone conference held today, June 26, 2024 (the "Conference"), pro se Plaintiff Elsie Nnebe ("Ms. Nnebe") requested the appointment of pro bono counsel for the purpose of settlement, in connection with an anticipated settlement conference before the undersigned in late October 2024 following the close of discovery (the "Request"). The Request is GRANTED, and the Court requests that the Clerk of Court seek pro bono counsel to enter a limited appearance for Ms. Nnebe for the purpose of settlement. Counsel shall file a Notice of Limited Appearance as Pro Bono Counsel.

Ms. Nnebe is a tenured special education teacher employed by the New York City Department of Education ("DOE"), and she asserts discrimination, retaliation, and hostile work environment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., 42 U.S.C. § 1981, New York State Human Rights Law, N.Y. Exec. L. § 290 et seq., and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"), against Defendants DOE, Reida Barry-Grant ("Barry-Grant"), and Lisette Olivo ("Olivo"). (ECF No. 44 (the "Amended Complaint")). Barry-

Grant and Olivo were the Principal and Assistant Principal, respectively, at the school where Ms. Nnebe worked during relevant period. (Id. at 8 ¶ 3).

Ms. Nnebe's claims arise from Defendants' involvement in the DOE's filing of disciplinary charges against her pursuant to New York Education Law Section 3020-a for alleged misconduct relating to her supervision of students (the "3020-a Charges"). (ECF No. 44 at 5, 8–18).[1] In particular, on December 17, 2019, following an investigation, Ms. Nnebe was presented with the 3020-a Charges, which are "based on allegations of corporal punishment and a failure to supervise students engaging in a physical altercation[.]" (Id. at 8 ¶ 6; see id. at 12 ¶ 28). On November 25, 2022, the hearing officer who presided over the 3020-a Charges issued a decision finding Ms. Nnebe guilty of certain charges. (ECF No. 49-1). Ms. Nnebe alleges that the 3020-a Charges were motivated by race- and age-based discriminatory and retaliatory animus. (ECF No. 44 at 8 ¶ 5).

Following pre-answer dispositive motion practice, only the following claims remain: (i) Ms. Nnebe's federal race- and age-based discrimination claims against DOE, Barry-Grant, and Olivo based only on the 3020-a Charges involving Nnebe's failure to supervise her students, and (ii) Ms. Nnebe's hostile work environment claims against Barry-Grant and Olivo under the NYCHRL. (See ECF Nos. 65; 67). Since March 2024, the parties have been engaged in discovery, which has involved the exchange of documents and is expected to include depositions of the parties. (See ECF Nos. 76; 79; 82). All discovery is scheduled to conclude on August 29, 2024. (ECF No. 76 ¶ 1). At the Conference, the parties reported that Ms. Nnebe has conveyed a

---

[1] Section 3020-a "governs the procedure of disciplinary proceedings brought against tenured teachers." Verne v. N.Y.C. Dep't of Educ., No. 21 Civ. 5427 (JPC), 2022 WL 4626533, at *2 n.2 (S.D.N.Y. Sept. 30, 2022) (citing N.Y. Educ. L. § 3020-a).

settlement demand.  Although Defendants believe Ms. Nnebe's current demand exceeds any potential recovery in this action, they are amenable to participating in a settlement conference following the close of discovery.  The parties and the Court agree that the assistance of limited scope counsel may increase the possibility of reaching an agreement.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of a _pro se_ litigant's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of the Ms. Nnebe's representation beyond a settlement conference with the Court.  Pro bono counsel will not be required to respond to a dispositive motion.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Ms. Nnebe will end following completion of the settlement conference.

On the filing by pro bono counsel of a Notice of Completion, pro bono counsel's representation of Ms. Nnebe in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Ms. Nnebe or to the Court in this matter.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Ms. Nnebe for the limited purpose of settlement.  The Court advises Ms. Nnebe that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, some time may pass before a volunteer is located.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and if the Clerk

of Court is unable to locate counsel, Ms. Nnebe must appear without counsel at the settlement conference.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

Dated:   New York, New York
　　　　 June 26, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

4