UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELSIE NNEBE,

Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF EDUCATION, REIDA BARRY-GRANT, and LISETTE OLIVO,

Defendants.

CIVIL ACTION NO. 22 Civ. 3860 (VEC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Pro se Plaintiff Elsie Nnebe challenges Defendants' responses to her Second Set of Interrogatories and Requests for Production (the "Second Requests") and to her Third Set of Interrogatories and Requests for Production (the "Third Requests"). (ECF No. 101 (the "Dec. 13 Letter")).

Ms. Nnebe timely submitted the Dec. 13 Letter and Second and Third Requests (see ECF No. 99 at 1), but the Court had not yet received them by the December 16, 2024 discovery conference, at which the Court heard the parties' arguments on Ms. Nnebe's discovery challenges. (See ECF No. 100). After the December 16, 2024 conference, the Court received the Dec. 13 Letter together with the Second and Third Requests.

The Court has previously summarized the factual and procedural background of Ms. Nnebe's claims in two prior reports and recommendations concerning Defendants' motions to dismiss and incorporates those summaries by reference. Nnebe v. City of New York, No. 22 Civ. 3860 (VEC) (SLC), 2023 WL 2393920, at *1–5 (S.D.N.Y. Jan. 30, 2023) ("Nnebe I"), adopted by, 2023 WL 2088526 (S.D.N.Y. Feb. 17, 2023); Nnebe v. City of New York, No. 22 Civ. 3860 (VEC)

(SLC), 2023 WL 9100339, at *1–6 (S.D.N.Y. Nov. 9, 2023) ("Nnebe II"), adopted by, 2023 WL 8643801 (S.D.N.Y. Dec. 14, 2023); (ECF Nos. 39; 65). In brief, Ms. Nnebe's claims arise from disciplinary charges Defendant New York City Department of Education ("DOE") initiated against her under New York Education Law § 3020-a for alleged misconduct relating to her supervision of students at Public School 251 in Queens ("P.S. 251") during the 2019–2020 school year. (ECF Nos. 44; 58). See Nnebe II, 2023 WL 9100339, at *23 (limiting applicable time period of Ms. Nnebe's claims to those accruing in and after 2019).

The Second Requests included two interrogatories seeking the names of (i) "all teachers from 2016-present who had students use cell phones while under their care and any disciplinary actions that resulted"; and (ii) "all teachers from 2016-present charged with failing to supervise a class and any disciplinary actions that resulted." (ECF No. 101-4 at 4). Defendants objected to both interrogatories, but as to the second, "construing this request as seeking the names of any DOE teacher who worked at P.S. 251 Queens during the 2019-2020 school year and against whom Defendant DOE []referred 3020-a charges for failure to supervise students during school years 2018-2019 or 2019-2020, Defendants identify [Ms.] Nnebe." (ECF No. 101-4 at 4). Ms. Nnebe also asked for documents Defendants used to answer the interrogatories as well as "the SCI intake complaint number 20-01242X[.]" (ECF No. 101-4 at 5). Defendants objected to the document requests but referred Ms. Nnebe to the bates numbers of previously produced documents. (Id.)

The Third Requests included a single interrogatory, asking Defendants to "[i]dentify any and all disciplinary investigations that Assistant Principal Olivo conducted of any teacher from 2016 until her last day as an assistant principal at PS 251." (ECF No. 101-3 at 4). Defendants

objected to this interrogatory but, "construing [it] as seeking the names of any DOE teachers who worked at P.S. 251 Queens during the 2019-2020 school year and against whom DOE []referred 3020-a charges for failing to supervise students and committing acts of corporal punishment conducted by Defendant Olivo, Defendants identify [Ms.] Nnebe." (ECF No. 101-3 at 4). In other words, Defendants represent that Ms. Nnebe was the only teacher whom Defendant Olivo investigated during the 2019–2020 school year—the only year at issue—for failing to supervise students and committing acts of corporal punishment and against whom 3020-a proceedings were initiated. Ms. Nnebe also asked for documents Defendants used in answering the interrogatory as well as "[a]ll documents concerning any disciplinary investigations conducted by [Defendant] Olivo of any teacher from 2016 until her last day as an assistant principal at PS 251[.]" (ECF No. 101-3 at 5). In response, Defendants referred Ms. Nnebe to the bates-numbers of previously produced documents. (Id. at 6).

The Court finds that Defendants' responses to the Second and Third Requests are sufficient. As noted above, Ms. Nnebe's claims have been limited to the events preceding her referral to the 3020-a disciplinary proceeding in December 2019, specifically, allegations that in October 2019 she failed to supervise students involved in a fight in which a student was injured. See Nnebe II, 2023 WL 9100339, at *4–5. Information concerning investigations Defendant Olivo performed in other school years or concerning other types of teacher misconduct are not relevant to Ms. Nnebe's remaining claims. See Go v. Rockefeller Univ., 280 F.R.D. 165, 175–180 (S.D.N.Y. 2012) (denying motions to compel discovery because the requested documents were not relevant to proving plaintiff's claims).

Accordingly, the Court **OVERRULES** Ms. Nnebe's objections to Defendants' responses to the Second and Third Requests. The Court's instructions to the parties in the December 16, 2024 Order remain in effect. (ECF No. 100).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

Dated: New York, New York
December 18, 2024

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**